## ECHOLS v. UNITED STATES.

Circuit Court of Appeals, Fifth Circuit.
March 26, 1928.

Rehearing Denied April 19, 1928.

No. 5257.

1. Criminal law ⊕═1173(1)—Refusal of charges that evidence was insufficient to sustain counts was not reversible error, if any one of them was properly refused (Cr. Code, § 215 [18 USCA § 338]).

Where proper conviction under any of counts charging violation of Criminal Code, § 215 (18 USCA § 338), by using mails to defraud, would sustain sentence of three years which was imposed, conviction is not subject to reversal because of refusal to give requested charges, which severally as to each count stated the evidence was insufficient to convict thereunder, if any one of such requested charges was properly refused.

2. Post office ⊕═48(4½)—Counts of indictment for use of mails to defraud held to have sufficiently informed accused of particular corporate victim (Cr. Code, § 215 [18 USCA § 338]).

Counts of indictment, under Criminal Code, § 215 (18 USCA § 338), for using mails to defraud, held to have sufficiently informed accused that they were charged with devising described scheme to defraud named corporation, which each count alleged was victim of transaction alleged therein, and was addressee of document mailed by accused for purpose of executing that scheme.

3. Post office ⊕═48(8)—Allegations that victims were corporations of South Bend, Ind., held not materially variant from evidence that they were Virginia corporations doing business in South Bend (Cr. Code, § 215 [18 USCA § 338]).

Evidence that corporation which accused were alleged to have defrauded by use of mails, in violation of Criminal Code, § 215 (18 USCA § 338), was a Virginia corporation engaged in business in South Bend, Ind., held not materially variant from allegations of indictment that victims were corporations of South Bend, Ind.

In Error to the District Court of the United States for the Northern District of Alabama; William I. Grubb, Judge.

Jerry L. Echols was convicted of certain offenses, and he brings error. Affirmed.

P. E. Culli, of Gadsden, Ala. (Bart. A. Riley, of Miami, Fla., on rehearing), for plaintiff in error.

J. S. Franklin, Asst. U. S. Atty., of Birmingham, Ala. (C. B. Kennamer, U. S. Atty., and J. S. Franklin, Asst. U. S. Atty., both of Birmingham, Ala., on the brief), for the United States.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. [1] The plaintiff in error, Jerry L. Echols, was convicted under 12 of the 14 counts of an indictment charging him and other named persons with violations of section 215 of the Criminal Code (18 USCA § 338) by devising a scheme or artifice to defraud and using the United States mails for the purpose of executing such scheme or artifice or attempting to do so. Echols complains of the court's refusal to give requested charges, which severally as to each of the counts under which he was convicted were to the effect that, if the jury believed the evidence, they could not convict under that count. As a proper conviction under any of those counts would sustain the sentence imposed on Echols—imprisonment in the federal penitentiary at Atlanta, Ga., for and during the period of three years—the judgment is not subject to be reversed because of the refusal to give those charges, if any one of them was properly refused. The refusal to give those charges is complained of on the ground that the evidence adduced to support the charges made was variant from the allegations of the indictment.

What was relied on as variances is indicated by the following statement: Each of the counts contained allegations as to a scheme or artifice to defraud "the Industrial Finance Corporation and the Industrial Acceptance Corporation, corporations of South Bend, Indiana," by instruments falsely purporting to represent or to refer to actual sales of automobiles, and that obligations of purchasers thereof for the whole or part of the purchase price were secured by conditional sale contracts or liens on the automobiles falsely pretended to have been sold. Each of the counts, in alleging what was done by the accused in carrying out the alleged scheme to defraud, alleged the making to "the company" of stated false representations, that the accused falsely and fraudulently secured from "the company" a stated sum of money, and that the accused deposited in the mail a document addressed to the Industrial Finance Corporation or to the Industrial Acceptance Corporation; some of the counts, those based on alleged transactions in 1924, alleging that what was deposited in the mail was addressed to the Industrial Finance Corporation, and other counts, those based on alleged transactions in 1925, alleging that what was deposited in the mail was addressed to the Industrial Acceptance Corporation, no count alleging that what was deposited in the mail was addressed to both the Industrial Finance Corporation and the Industrial Acceptance Corporation.

Evidence adduced was to the following

effect: The Industrial Finance Corporation was a Virginia corporation, the name of which was changed on January 1, 1925, to the Industrial Acceptance Corporation. That corporation was engaged in business at South Bend, Ind., during the period of the transactions alleged and deposed to.

[2, 3] The indictment did not allege that any victim of the alleged scheme to defraud was an Indiana corporation. The designation of the Industrial Finance Corporation and the Industrial Acceptance Corporation as "corporations of South Bend, Indiana," was not inconsistent with any corporation so referred to being one organized under the law of Virginia and engaged in business at South Bend, Ind.' As the allegations of each of the counts indicated that a company —not two companies or corporations—was the intended and actual victim of the alleged scheme to defraud, and showed that what was done by the accused for the purpose of executing that alleged scheme was a transaction with either the Industrial Finance Corporation alone or with the Industrial Acceptance Corporation alone, and not a transaction with more than one corporation, it well may be inferred that the scheme to defraud alleged in each count did not import a joint defrauding of two named corporations, and that the accused, in devising the alleged scheme to defraud, contemplated the defrauding of one named corporation at a time. Marrin v. United States (C. C. A.) 167 F. 951, certiorari denied 223 U. S. 719, 32 S. Ct. 523, 56 L. Ed. 629.

It follows that allegations of one of the counts were supported by, evidence as to the accused devising such a scheme as the one described in that count to defraud the Industrial Finance Corporation, and as to the accused in carrying out that scheme mailing a document addressed to the Industrial Finance Corporation alone. We are of opinion that each of the counts under which the plaintiff in error was convicted sufficiently informed the accused that they were charged with devising the described scheme to defraud the named corporation which that count alleged was the victim of a transaction alleged therein, and was the addressee of a document mailed by the accused for the purpose of executing that scheme, and that evidence that that corporation was a Virginia corporation, and that it alone was the intended victim of what that count alleged was done by the accused for the purpose of executing that scheme, was not materially variant from the allegations of that count. We conclude that the court did not

err in refusing to give some, at least, of the above-mentioned requested charges, and that the record does not show any reversible error.

The judgment is affirmed.